FRANK PAUL *vs.* JOHN W. DICKINSON.

Suffolk.　January 10, 1906. — March 2, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Pleading, Civil.　Attorney at Law.*

In an action by an attorney at law for compensation for professional services, a first count on a promissory note for $9,926 dated on May 15 of a certain year and a second count for a balance of $1,478 found due on an accounting between the plaintiff and the defendant on or about May 6 of the same year are not inconsistent, and on the plaintiff showing that the promissory note sued on in the first count was given for services for which a bill was sent in the previous March and covered none of the services for which compensation is claimed in the second count, he may recover on both counts for the full amount claimed.

LATHROP, J.　This is an action of contract for legal services rendered by the plaintiff to the defendant.　The first count was upon a promissory note for $9,926.72, dated at Boston, May 15, 1903, signed by the defendant and payable to the plaintiff on demand.　The declaration alleged a demand on September 30, 1903.

The second count as amended read as follows: "The plaintiff says the defendant owes him $1,478.99, for the balance found due to the plaintiff from the defendant on an accounting had between the plaintiff and the defendant on or about the 6th day of May, 1903, together with interest on said sum from the day on which the plaintiff demanded payment of said balance from the defendant, to wit, from the 30th day of September, 1903."

At the trial before the Chief Justice of this court, it appeared that the note declared on in the first count was given for services rendered in a criminal case in the United States Circuit Court for the District of Massachusetts, from February, 1901, to March 20, 1903; that about March 26, 1903, the plaintiff rendered to the defendant a bill for his services, showing the services rendered, amounts received and disbursed, leaving a balance due the plaintiff of $9,926.72.　There was also evidence that the defendant made no objection to the bill, and in April promised to pay it; and that he made similar promises after the date of the note.

There was also evidence that on May 6, 1903, the plaintiff

sent to the defendant an itemized account of services rendered to the defendant in other matters, to which the defendant made no objection.

The defendant made six requests for instructions, which were refused. The jury were instructed that it was competent for them to return a verdict both for the amount of the note declared on in the first count, and for the account declared on in the second count as amended. The jury returned a verdict for the plaintiff on both counts; and the case is before us on the defendant's exceptions to the refusal to rule as requested, and to the ruling given.

We do not think it necessary to state the requests in detail. They do not in any way relate to the merits of the case, but are founded upon the fact that the note declared on in the first count is dated May 15, 1903, while the second count alleges an accounting together on May 6, 1903, showing a balance then due of $1,478.99; and it is contended that the balance found due upon an accounting together is a final adjustment of the respective demands between the parties. It is further contended that an indebtedness of $1,478.99 will not support a promissory note for $9,926.72, on account of the gross inadequacy of the consideration.

By the R. L. c. 173, § 6, cl. 5, a declaration " may contain any number of counts for different causes of action which belong to the same division of actions." The promissory note set out in the first count had nothing to do with the matters set out in the second count, of which an itemized account had been given the defendant. It further appears that, although the promissory note was dated after the alleged accounting together, the defendant had promised to pay it before the date of the accounting together, as well as afterwards, and that the consideration of the note was not the amount claimed in the second count but was for the services rendered in the criminal action.

The rulings of the Chief Justice were therefore correct.

*Exceptions overruled.*

*W. H. Thorpe*, for the defendant, submitted a brief.

*F. T. Benner*, for the plaintiff.